UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. GERALD R. FINKEL, *as Chairman of the Joint Industry Board of the Electrical Industry*,<br><br>Petitioner,<br><br>v.<br><br>J&H ELECTRICAL CONTRACTING, INC.,<br><br>Respondent. | **MEMORANDUM & ORDER**<br>22-CV-06298 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

Petitioner has filed a petition (the "Petition") to confirm an arbitration award requiring Respondent to pay contributions that it owes to various employee benefit funds, which are administered by Petitioner, and to provide weekly payroll records, pursuant to the terms of a collective bargaining agreement that governs their relationship. ECF No. 1. Since Respondent has not opposed the Petition, and its time to do so has expired, the Court treats the Petition as an unopposed motion for summary judgment and confirms the award for the reasons set forth below.

**PROCEDURAL BACKGROUND**

Petitioner is the chairman of the administrator of various employee benefit funds administered on behalf of union members. ECF No. 1 ¶ 5. Pursuant to a collective bargaining agreement, employers are required to remit contributions to the various funds. *Id.* ¶ 6; ECF No. 1-3 at 20–27. Respondent is an employer that assented to that collective bargaining agreement. ECF No. 1 ¶¶ 14, 19; ECF No. 1-1. However, Petitioner alleges that Respondent failed to make required contributions to several employee benefit funds for several months and also failed to provide employee payroll data related to calculating those contributions. ECF No. 1 ¶ 29.

The collective bargaining agreement reflects that employers also agreed to be bound by various policies related to the agreement, including documents entitled "Policy for the Collection of Delinquent Contributions" and "Arbitration Procedures and Rules Governing Employer Delinquency Disputes."  ECF No. 1 ¶¶ 20, 22–23; ECF No. 1-3 at 30; ECF No. 1-6; ECF No. 1-7.  These policies, in turn, contain an agreement to arbitrate disputes related to, among other things, employers' unpaid contributions to employee benefit funds.  ECF No. 1 ¶ 27; ECF No. 1-7 at 2.

Petitioner initiated an arbitration proceeding pursuant to the collective bargaining agreement.  ECF No. 1 ¶ 30.  Petitioner made a written submission to the arbitrator, and after Respondent failed to make its own submission within the time permitted by the agreement, the arbitrator issued an award based on Petitioner's written submission without a hearing.  *Id.* ¶¶ 31–33; ECF No. 1-11 at 1–2.  The arbitrator awarded Petitioner $42,165.61, which included not only the unpaid contributions that Respondent was required to remit, but also interest and liquidated damages that were provided for in the collective bargaining agreement, along with administrative fees charged by the arbitrator.  ECF No. 1 ¶ 35; ECF No. 1-11 at 5.  The arbitrator's award included as an exhibit a spreadsheet submitted by Petitioner that calculated the different components of this award, which the arbitrator found to be accurate and expressly "made part of [his] Opinion and Award."  ECF No. 1-11 at 3.  The arbitrator also directed Respondent to provide weekly payroll reports required by the collective bargaining agreement for the period related to the unpaid contributions.  *Id.* at 5.  The arbitrator's award authorized Petitioner to collect "any costs, including reasonable attorney's fees" related to enforcing the award.  *Id.* at 6.

Petitioner asserts that Respondent never made any payments in response to the award, which led Petitioner to commence this lawsuit to confirm the award, in order to convert the

2

award into a judgment of the Court.  ECF No. 1 ¶ 38.  The Court directed Respondent to file any opposition to the Petition, along with any motion to vacate the arbitration award, on or before December 2, 2022.  ECF No. 8.  The Court further ordered Petitioner to serve on Respondent a copy of the Petition, Petitioner's memorandum of law in support of the Petition, and the Court's scheduling order.  *Id.*  Petitioner completed service within a day of the Court's scheduling order.  ECF Nos. 9, 10.  Despite this prompt notice of Petitioner's lawsuit, Respondent has never hired an attorney to appear on its behalf, filed an opposition to the Petition, or submitted anything at all to the Court.  Since Respondent's deadline to respond to the Petition passed long ago, the Court will decide the Petition based on the papers that Petitioner has submitted.

## **LEGAL STANDARD**

Although Respondent has not appeared, the Second Circuit has instructed that unopposed petitions to confirm arbitration awards should be treated as unopposed motions for summary judgment rather than as motions for default judgments.  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–110 (2d Cir. 2006).  This means that the Court must consider the documentary evidence that Petitioner has submitted rather than merely the allegations in the Petition.  *Id.*  However, "[a]n extremely deferential standard of review is appropriate in the context of arbitral awards to encourage and support the use of arbitration by consenting parties," and "only a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award."  *Smarter Tools Inc. v. Chongqing SENCI Import & Export Trade Co., Ltd.*, 57 F.4th 372, 378–79 (2d Cir. 2023).[1]

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

In the specific context of awards issued pursuant to collective bargaining agreements, the Supreme Court has instructed that "[a]s long as the arbitrator's award draws its essence from the collective bargaining agreement, and is not merely his own brand of industrial justice, the award is legitimate." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987). Consistent with that instruction, the Second Circuit has described "[a] federal court's review of labor arbitration awards" as "narrowly circumscribed and highly deferential—indeed, among the most deferential in the law." *A&A Maintenance Enter., Inc. v. Ramnarain*, 982 F.3d 864, 868 (2d Cir. 2020). "A court may not 'review the arbitrator's decision on the merits,' and instead, should 'inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement.'" *Trustees of the Mason Tenders Dist. Council Welfare Fund v. Envirochrome Interiors & Design Inc.*, No. 22-cv-9899, 2023 WL 4187907, at *1 (S.D.N.Y. June 26, 2023) (quoting *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016)) (granting unopposed motion to confirm arbitration award).

## DISCUSSION

Petitioner has met his burden to confirm the arbitrator's award. The Court has reviewed the award in light of the collective bargaining agreement and the related policies governing Petitioner's relationship with Respondent. The collective bargaining agreement and its incorporated policies contain a clear agreement to arbitrate a dispute of this type involving unpaid contributions to employee benefit funds. ECF No. 1-3 at 30; ECF No. 1-7 at 2. The arbitrator accurately calculated the unpaid contributions based on the evidence made available to him, which was limited in light of Respondent's failure to participate in the arbitration. ECF No. 1-10 at 2; ECF No. 1-11 at 8. The Court has also reviewed the process by which the arbitrator

4

calculated the 20% award of liquidated damages, along with interest imposed at the rates of 8% and 10%, depending on the different benefit funds to which particular contributions were owed. *See* ECF No. 1-3 at 30 (provision of collective bargaining agreement setting liquidated damages of 20%); ECF No. 1-6 at 8 (collection policy incorporated into collective bargaining agreement setting interest rates). The Court has detected no error in those calculations, and they certainly do not amount to the arbitrator's "own brand of industrial justice," as would be required to invalidate the award. *See Misco*, 484 U.S. at 36. Finally, the arbitrator's directive that Respondent provide employee payroll reports for the weeks at issue was also authorized by the collective bargaining agreement. ECF No. 1-3 at 33.

The Court is also granting Petitioner's request for attorney's fees. Both the collective bargaining agreement and the arbitrator's award authorize Petitioner to collect reasonable attorney's fees and costs incurred as part of any lawsuit to enforce an arbitration award. ECF No. 1-3 at 38; ECF No. 1-11 at 6. Awarding attorney's fees and costs is appropriate, pursuant to that contractual authorization, because "Respondent has not appeared, and has failed to justify its refusals to appear at the arbitration hearing or to abide by the [a]ward." *Dist. Council of N.Y. City & Vicinity of the United Brotherhood of Carpenters & Joiners of Am. v. Prime Contractors, Inc.*, No. 22-cv-7085, 2023 WL 3849101, at *5 (S.D.N.Y. June 6, 2023) (awarding attorney's fees under same circumstances).

The Second Circuit has instructed district courts "to calculate a presumptively reasonable fee by determining the appropriate billable hours expended and setting a reasonable hourly rate, taking account of all case-specific variables." *Lilly v. City of New York*, 934 F.3d 222, 229–30 (2d Cir. 2019). To determine a reasonable hourly rate, the district court must decide "the rate a paying client would be willing to pay[,] bearing in mind that a reasonable, paying client wishes

5

to spend the minimum necessary to litigate the case effectively." *Id.* at 231.  After multiplying the reasonable hourly rate by the reasonable number of hours expended, a district court "may, in extraordinary circumstances, adjust the presumptively reasonable fee when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.* at 230.

The time that Petitioner's counsel spent preparing the Petition was reasonable and reflects an efficient delegation of work because, of the 11.3 total hours spent on the Petition, only 0.3 hours represent work performed by a partner.  *See* ECF No. 1-12.  The remaining tasks were all performed by associates and a legal assistant.  *Id.*  Overall, this amount of time spent is reasonable.  *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. P&J Wood Floors, Inc.*, No. 22-cv-9386, 2023 WL 2186341, at *5 (S.D.N.Y. Feb. 23, 2023) ("conclud[ing] that 15.6 hours [wa]s a reasonable number of hours worked" on similar, unopposed petition to confirm arbitration award related to unpaid employee benefit fund contributions).

The Court concludes that the hourly rates charged by Petitioner's counsel are also reasonable because "[i]n other cases involving unopposed petitions to confirm an arbitration award, courts typically approve hourly rates of $300 to $400 for partners and $225 to $250 for associates." *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Safeway Installation Corp.*, No. 19-cv-10173, 2023 WL 2596939, at *3 (S.D.N.Y. Mar. 22, 2023).  The $385/hour partner rate charged by Petitioner's counsel falls within this range and is, therefore, reasonable.  Although the associate rate of $290/hour is slightly above this usual range, the Court finds this hourly rate to be reasonable, particularly because of the extensive amount of delegation to associates in this case.  *See Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Nat'l Retail Installation Corp.*, No. 22-cv-6876, 2023 WL 3260263, at *2 (S.D.N.Y.

6

May 4, 2023) (holding that a "rate of $275 per hour for associates" was reasonable in a similar case). Reducing the associates' hourly rate when awarding attorney's fees for this specific case would risk creating a perverse incentive for future cases, in which Petitioner's counsel might have partners perform more work that associates otherwise would have performed, in order to increase the total amount of fees that Petitioner's counsel could collect.

Petitioner's total costs of $477.57 are adequately documented by Petitioner's payment of the District's $402 filing fee and the $40 statutory fee associated with serving Respondent through the New York Secretary of State. ECF No. 10; ECF Entry dated Oct. 18, 2022. The Court can easily infer that the remaining approximately $35 in costs was reasonably incurred in connection with serving Respondent. *See Finkel v. J&H Elec. Contracting, Inc.*, No. 22-cv-4293, 2023 WL 3948752, at *7 (E.D.N.Y. June 12, 2023) (finding "request for service fees of $75.57" to be reasonable even though the costs were not documented in petitioner's court filings).

Finally, Petitioner has requested "interest from the date of the [a]ward through the date of judgment." ECF No. 1 at 10. The Court determines that using the 9% annual rate of interest set by Section 5004 of New York's Civil Practice Law and Rules is appropriate, rather than the interest rates provided for in the collective bargaining agreement, which differ according to the type of fund to which Respondent was required to make payments. *See Prime Contractors*, 2023 WL 3849101, at *6 (awarding prejudgment interest at 9% CPLR rate when granting petition to confirm arbitration award related to employee benefit fund payments); *Latronica v. Loc. 1430 Int'l Brotherhood of Elec. Workers Pension Fund*, 820 F. App'x 12, 14–15 (2d Cir. 2020) (affirming prejudgment interest at 9% CPLR rate in suit to collect unpaid ERISA benefits). Based on the arbitrator's award of $42,165.61, the Court awards pre-judgment interest in the

amount of $10.40 for each day between the arbitrator's award issued on September 27, 2022, and the date the Clerk of Court enters a judgment.

## CONCLUSION

For the reasons set forth above, the Court confirms the arbitration award issued in favor of Petitioner.  *See* ECF No. 1.  The Clerk of Court is respectfully directed to enter a judgment: (i) awarding Petitioner the amount of $42,165.61 stated in the arbitrator's award; (ii) awarding Petitioner $3,290.00 in attorney's fees and $477.57 in costs; (iii) awarding Petitioner prejudgment interest in the amount of $10.40 per day, for each day between September 27, 2022, and the entry of judgment; and (iv) requiring Respondent to provide Petitioner all payroll reports required by the collective bargaining agreement for the payroll weeks ending June 1, 2022, through and including September 14, 2022, as directed by the arbitrator's award.  Petitioner's counsel shall serve on Respondent a copy of this order and the forthcoming judgment once the judgment has been entered and shall file a letter within five business days of the entry of judgment confirming that Petitioner has done so and describing the method of service.

SO ORDERED.

                                                         */s/ Hector Gonzalez*
                                                        HECTOR GONZALEZ
                                                        United States District Judge

Dated: Brooklyn, New York
        July 26, 2023